Robinson v. Suffolk Cnty. Police Dep't

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand thirteen.

PRESENT:
> Jon O. Newman,
> Peter W. Hall,
> Debra Ann Livingston,
> *Circuit Judges.*

---

Ronald S. Robinson,

> *Plaintiff-Appellant*,

> v.                                                    12-479

Suffolk County Police Department, *et al.*,

> *Defendants-Appellees*,

John Does, #1 and #2, Two Officers, *et al.*,

> *Defendants*.

---

FOR PLAINTIFF-APPELLANT:          Ronald S. Robinson, *pro se*, Selden, NY.

FOR DEFENDANTS-APPELLEE:          Christopher A. Jeffreys (on submission), Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*; Tomlinson, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ronald S. Robinson, proceeding *pro se*, appeals the district court's judgment in favor of the defendants after a jury trial of his 42 U.S.C. § 1983 and state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Preclusion of Marie Lunde's Testimony

We review evidentiary rulings for abuse of discretion. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006).

> An evidentiary ruling that is an abuse of discretion is, however, only reversible if it also affects a party's substantial rights. *See* Fed. R. Evid. 103(a). This occurs when, for example, a district court excludes a party's primary evidence in support of a material fact, and failure to prove that fact defeats the party's claim.

*Id.* (citing *O'Neal v. Esty*, 637 F.2d 846, 848 (2d Cir. 1980)). In order to preserve a claim of error, a party must make an offer of proof as to the content of the excluded evidence where "the significance of the excluded evidence is not obvious" or "it is not clear what the testimony of the witness would have been." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 151-52 (2d Cir. 2010) (quoting *Fortunato v. Ford Motor Co.*, 464 F.2d 962, 967 (2d Cir. 1972)); *see also* Fed. R. Evid. 103(a)(2). For excluded evidence, an offer of proof is sufficient if, at the very least, "a party informs the court of its substance." Fed. R. Evid. 103(a)(2).

2

Here, we conclude that Robinson failed to preserve any claim of error related to the magistrate judge's decision to preclude Lunde's testimony at trial because Robinson did not make a sufficient offer of proof as to the content of Lunde's possible testimony. While Robinson made several generalized and speculative statements prior to trial suggesting that Lunde may have heard or witnessed at least part of the alleged incident, those statements were inadequate to inform "the court of its substance." In addition, Robinson has not shown that the magistrate judge's ruling affected his substantial rights because there is no indication, aside from Robinson's speculative assertions, that Lunde's testimony, if it had been allowed, would have benefitted Robinson's case. Considering these circumstances, in addition to those cited in the magistrate judge's October 28, 2011 order, we conclude that the decision to preclude Lunde's testimony at trial was not an abuse of discretion.

## II.    Preclusion of Expert Testimony

We review the court's decision to preclude expert testimony under Federal Rule of Evidence 702 for abuse of discretion. *See United States v. Williams*, 506 F.3d 151, 159-160 (2d Cir. 2007). A decision concerning whether or not to admit expert testimony is not an abuse of discretion unless it is "manifestly erroneous." *Id.* Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of

reliable principles and methods; and (d) the expert has applied the principles and methods to the facts of the case.[1]

Fed. R. Evid. 702. This Rule "embodies a liberal standard of admissibility for expert opinions," but it is the "district court's responsibility to ensure that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Nimely v. City of New York*, 414 F.3d 381, 395-96 (2d Cir. 2005) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). Expert testimony should be excluded where it is "speculative or conjectural," but arguments that the expert's assumptions "are unfounded go to the weight, not the admissibility, of the testimony." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (internal quotation marks omitted).

We also review for abuse of discretion a district court's determination to preclude expert testimony pursuant to Federal Rule of Civil Procedure 37. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-97 (2d Cir. 2006). Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert testimony be accompanied by a written report which shall contain,

---

[1] The magistrate judge operated under a former version of Rule 702, which provided:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2000). Although the Rule was revised in 2011, the Advisory Committee Note explains: "The language of Rule 702 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 702 advisory committee's note.

among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; [and] any exhibits to be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, the magistrate judge did not abuse her discretion in precluding Dr. Brian Durkin, who was Robinson's treating physician, from testifying as an expert witness. First, Dr. Durkin's "expert report" was insufficiently detailed, and thus, was appropriately excluded under Federal Rule of Civil Procedure 37(c)(1). Second, Dr. Durkin's expert testimony failed to meet the reliability standard outlined in Federal Rule of Evidence 702. As such, having conducted an independent review of the record and relevant case law, we affirm for substantially the same reasons stated by the magistrate judge in her October 17, 2011 order.

We have considered all of Robinson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5